UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LESTER D. CRISPIN, JR,

                Plaintiff,

v.

NEWARK MORNING LEDGER COMPANY,
et al.

                Defendants.

Civil Action No.: 17-cv-7053 (PGS)

**MEMORANDUM AND ORDER**

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendant Newark Morning Ledger Company's (hereinafter, "Star Ledger") Motion to Dismiss Plaintiff Lester D. Crispin's Complaint, pursuant Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9). In a prior decision, this Court granted Defendant's Motion to Dismiss without prejudice. (ECF No. 32, 14-cv-2621). Plaintiff asserts claims under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12, *et seq.* (ECF No. 1, "Complaint").

### BACKGROUND

Plaintiff Lester Crispin's present cause of action stems from an employment dispute between him and his employer, the Star Ledger. Plaintiff was a truck driver for the Star Ledger and was a member of the Newspaper and Mail Delivers' Union of New York and Vicinity,[1] which

---

[1] Although the Complaint's caption names the Union as a defendant, the Union is only named "for discovery purposes."

had a collective bargaining agreement (CBA) with the Star Ledger that extended through March 30, 2015. (Complaint at ¶¶ 3-4). On December 29, 2009, while on duty, Plaintiff was involved in a car accident and charged with driving while intoxicated, operating a commercial vehicle while intoxicated, and reckless driving. (*Id.* at ¶ 7). Later that same day, Plaintiff was advised that he would be suspended indefinitely, without pay, for having violated the Star Ledger's policy under the CBA. (*Id.* at ¶ 8).

More than four years later, on May 8, 2013, Plaintiff was acquitted of driving while intoxicated, but convicted of reckless driving. (*Id.* at ¶¶ 12-13). Thereafter, as part of the CBA's grievance process, a Joint Standing Committee reviewed Plaintiff's request for reinstatement. (ECF No. 1-4, "Exhibit E"). As part of its resolution, the Committee required, among other things, that Plaintiff participate in any recommended Employee Assistance Programs and complete a drug and alcohol abuse evaluation. (*Id.*). The resolution also disentitled Plaintiff to any backpay for the period from December 29, 2009 to his return to work. (*Id.*). Plaintiff refused to accept the forfeiture of backpay and, thereafter, failed to pursue subsequent grievance proceedings provided under the CBA.

Instead, on March 5, 2014, Plaintiff filed a complaint against the Star Ledger in New Jersey Superior Court, which was later removed to this Court based on federal question jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. (ECF No. 1-1, in 14-cv-2621). This Court later dismissed Plaintiff's complaint, without prejudice, for failing to exhaust all remedies under the parties' CBA on June 19, 2015. (Complaint at ¶ 42). Three weeks later, on July 7, 2015, Plaintiff wrote to his union, seeking an expedited appeal of the Joint Committee's resolution, to be heard no later than no later than July 19, 2015. (ECF No. 1-12,

"Exhibit K"). However, according to the Complaint, Plaintiff never received a response from the union. (Complaint at ¶¶ 43-44).

On September 13, 2017, more than two years after this Court's prior dismissal, Plaintiff filed this present six-count complaint. Specifically, Plaintiff alleges: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of the New Jersey Law Against Discrimination ("LAD"); (4) equitable estoppel; (5) theft by deception; and (6) equitable fraud. Defendant seeks dismissal of these claims since Plaintiff's failed to comply with Federal Rule of Civil Procedure 60 and his claims are time barred under Section 301 of the LMRA.

## **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person

will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 340 (2d 3d. 1990)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks and citations omitted).

## ANALYSIS

I. LMRA Claims[2]

The Star Ledger seeks dismissal of Counts I, II, IV, V, and VI on the basis that they are time-barred by the six-month statute of limitations for claims brought under Section 301 of the LMRA. Neither party disputes that Plaintiff's claims are based on the CBA and are preempted by the LMRA. *See Johnson v. NBC Universal, Inc.*, 409 F. App'x 529, 531 (3d Cir. 2010) ("State law claims are completely preempted by the LMRA when the claims are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract . . . .'" (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985))); *see also Pilvalis v. Lockheed Martin*

---

[2] The Court notes that the Star Ledger also sought dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 60(b), which governs motions to amend a complaint after a judgment of dismissal has been entered. However, since Plaintiff has not sought relief under Rule 60 and none of the cases cited by Defendant support a defendant's invocation of the rule to dismiss a plaintiff's subsequent complaint, the Court will not grant Defendant's motion based on Rule 60(b).

*Corp.*, No. 12-1354, 2013 U.S. Dist. LEXIS 38211, at *26 (D.N.J. Mar. 20, 2013) ("It is well-established that suits alleging a breach of contract based on a collective bargaining agreement are preempted by § 301 of the LMRA, and are thus governed by federal law"). Here, the Court is tasked with determining whether Plaintiffs claims are time-barred by Section 10(b) of the LMRA, 29 U.S.C. § 160.

In making this determination, the Court must first determine whether Plaintiff has alleged a "pure" or "hybrid" Section 301 claim. *See Pivalis*, 2013 U.S. Dist. LEXIS 38211, at *27 (citing *DelCostello v. Teamsters*, 462 U.S. 151, 164-65 (1983)). "'Pure' claims are standard § 301 actions in which a union brings suit against an employer on behalf of an injured employee," these claims follow the analogous state statute of limitations. *Id.* at *27-28 (citing *Serv. Emps. Int'l Union Local 36 v. City Cleaning Co.*, 982 F.2d 89, 94-96 (3d Cir. 1992)). However, "hybrid" claims "are suits brought by an employee against both his employer and union," and "are subject to the six-month federal limitations period of the LMRA." *Id.* In this instance, Plaintiff is seeking relief against the employer without any claim against the union. The case does not precisely fit within the definition of puree or hybrid. *Id.*; *see also Porter v. Sunbelt Rentals, Inc.*, No. 13-6901, 2014 U.S. Dist. LEXIS 78513, at *13 (D.N.J. June 10, 2014). Where, as here, the plaintiff only asserts claims against his employer for breach of the CBA, such claims are still treated as hybrid. *Id.* at *28-29 (citing cases). This being said, contrary to Plaintiff's assertion, even though a plaintiff may have only asserted claims against his employer, he must nevertheless "'allege, and eventually prove, that the union breached its duty of fair representation' in order to successfully and completely establish a viable hybrid claim." *Id.* at *30 (quoting *Swayne v. Mount Joy Wire Corp.*, No. 10-3969, 2012 U.S. Dist. LEXIS 46236, at *22 (E.D. Pa. Mar. 29, 2012)).

With these principles in mind, the Court finds several reasons for dismissing Plaintiff's claims. First, Plaintiff's Complaint presents no claims against the union, nor does the record suggest that the union has breached its duty of fair representation or has otherwise acted in bad faith. Therefore, Plaintiff has failed to properly state a Section 301 hybrid claim. *See Pilvalis*, 2013 U.S. Dist. LEXIS 38211, at \*31; *see also Swayne*, 2012 U.S. Dist. 46236, at \*28 ("plaintiff's allegations fail to state a section 301 claim because they do not plausibly suggest that the Union violated its duty of fair representation"). Second, even assuming that Plaintiff asserted a proper Section 301 hybrid claim, his claims would nevertheless be time-barred. As noted above, "[a] section 301 claim must ordinarily be filed within six months from the date of accrual." *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990). "The six-month period commences when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Id.* (internal quotation marks and citation omitted). Here, Plaintiff's claims are premised on his July 7, 2015 letter to the union, seeking an appeal of the committee's resolution, which the union never responded to; however, he did not file his lawsuit until September 2017, which is far outside the six-month requirement.

Plaintiff relies principally on the Third Circuit's decision in *Hersh v. Allen Products Co.*, 789 F.2d 230 (3d Cir. 1986), in support of his contention that the six-month statutory period should not commence since he "was left in limbo." However, *Hersh* is factually inapposite. In that case, the plaintiff was discharged for accumulating the maximum disciplinary points and, thereafter, filed grievances challenging the assessment of these points. *Id.* at 231. Although the union considered and denied the plaintiff's grievance on October 19, 1983, this decision was not apparently conveyed to the plaintiff. *Id.* Thereafter, on June 12, 1984, the plaintiff commenced a lawsuit against the union, alleging a breach of the CBA. *Id.* 231-32. In reversing the district court's

dismissal of the plaintiff's complaint as time-barred, the Third Circuit held that an issue existed as to when her cause of action actually accrued. *Id.* at 235. Notably, the court took issue with the fact that it was not clear when the plaintiff received notice of denial and, more importantly, acknowledged that between October 19 and December 12, 1983 – the date six months prior to the plaintiff's filing – the plaintiff made several efforts to reach out to her union representative to follow-up the status of the grievances, but she never received a response. *Id.* at 235.

Here, however, even when making all reasonable inferences in Plaintiff's favor, the record plainly fails to demonstrate that he exercised reasonable diligence in seeking to discover any purported wrongdoings by either the Star Ledger or the union. Despite submitting his July 2015 letter to the union, Plaintiff's Complaint fails to identify any additional steps he took to ensure receipt of the letter, or any subsequent communications he made to follow-up the status of his grievance appeal. Nor does Plaintiff offer any reasonable explanation for waiting more than two years to file his Complaint. However, "[a plaintiff] cannot be allowed to sit back and claim a lack of notice" where the union took no action for over six months; "[t]o say . . . that the running of the statute of limitations [would] be postponed indefinitely until actual notification is received from the Union or the employer, would be contrary to the policy of prompt resolution." *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983). Simply put, Plaintiff's failure to communicate with either the union or the Star Ledger over the course of two years demonstrates a sheer lack of reasonable diligence and contrary to the policy of prompt resolution. Therefore, Defendant's Motion to Dismiss Counts I, II, IV, V, and VI is granted.

II. NJ LAD Claim

Finally, Defendant seeks dismissal of Count III of Plaintiff's Complaint, which generally alleges that he was discriminated against on the basis of age, contrary to LAD, N.J.S.A. § 10:5-12,

et seq. Specifically, Defendant contends that Plaintiff has failed to plead sufficient facts to satisfy the necessary elements of such a claim. The Court agrees.

"The purpose of the LAD is to ban employment discrimination on the basis of certain enumerated attributes including . . . age" *Bergen Commercial Bank v. Sisler*, 723 A.2d 944, 949 (N.J. Sup. Ct. 1999). "To state a claim for age discrimination, a plaintiff must allege that: (1) he was a member of the protected class; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination." *Rossi v. Vericare Mgmt*, No. 13-6884, 2016 U.S. Dist. LEXIS 161750, at *16 (D.N.J. Nov. 22, 2016) (citing *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1139 (N.J. Sup. Ct. 2005)).

Here, Plaintiff claims that the Star Ledger has hired younger drivers, who were not entitled to receive overtime to replace him. Plaintiff meets prong 1 and 3 of the test. He is 58 years of age (prong 1), and he lost a significant sum of money (prong 3). Plaintiff does not meet prongs 2 and 4 of the test. He fails to demonstrate that he was performing his job at a level that met the Star Ledger's expectations (prong 2). In fact, the record suggests just the opposite -- a truck driver initially charged with driving while under the influence of alcohol, but then convicted of reckless driving, falls below what an employer would expect from his employee. Moreover, Plaintiff does not show younger people were hired to replace him (prong 4). In his Complaint, Plaintiff identifies two replacement drivers, both of whom are in their fifties – as such, the replacement drivers are in the same protected class as Plaintiff. (Complaint at ¶ 36). To replace Plaintiff (58) with two other drivers (50) does not meet prong 4 because the replacements were not sufficiently younger to permit an inference of age discrimination. As such, the Court will grant Defendant's Motion to Dismiss Count III.

It would be futile to allow an amendment to the Complaint due to the reasons set forth in this decision.

**ORDER**

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 11th day of December, 2017,

**ORDERED** that Defendant's Motion to Dismiss is GRANTED with prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.